## J. P. KNIGHT v. STATE.

No. A-8367.    Jan.  6,  1933.
Rehearing Denied Feb. 3, 1933.
(21 Pac. [2d]  513.)

Roy S. Sherry, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Edna Clary, for the State.

EDWARDS, J.    The plaintiff in error, hereinafter called defendant, was convicted in the district court of Logan county of theft of an automobile, and was sentenced to serve a term of five years in the state penitentiary.

The principal contention goes to the question of the sufficiency of the evidence.    It is undisputed that on the night of July 24-25 the automobile described in the information was stolen from the owner at Guthrie, and about five days later was found in the possession of defendant at Shawnee.    The motor number had been changed, the secret number changed, and the identifying numbers on the back axle had been chiselled off.    The defense of alibi was supported by the stepfather and a nephew of defendant.    It is not particularly convincing.    Defendant had

been for some years a dealer in secondhand cars. He testified he bought the car on the streets of Shawnee on the afternoon following the theft from one Layman, a person whom he did not know either before or after the time of purchase; that he had him transfer title to a nephew. There was a suspicious alteration of the duplicate of the certificate of title, and there is some testimony of contradictory statements by defendant in explanation of his possession. It does not seem reasonable that one engaged in dealing in secondhand automobiles would have bought this car from a stranger under the circumstances claimed by defendant. We deem it unnecessary to make further statement of facts.

The case rests on circumstantial evidence, but the evidence sufficiently connects defendant with the theft of the car, and excludes any reasonable hypothesis other than that of his guilt.

Some argument is made that the court's instruction on the defense of alibi is erroneous. This is directed to that part of the instruction which told the jury in substance that one may be a principal in the commission of a crime by aiding and abetting as defined in another instruction. We do not understand defendant's counsel contend the instruction is erroneous as a matter of law, but merely that there is no testimony which connects defendant with the theft by aiding and abetting another. There is no direct evidence on this point, but the testimony of alibi and the circumstances proven may do so. No material error is made to appear.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.